UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

                Plaintiff,

      v.

DANIEL LLOYD, et al.,

                Defendants.

CASE NO. 3:18-cv-05224-RBL-TLF

REPORT AND RECOMMENDATION

Noting Date: July 20, 2018

This matter is before the Court on plaintiff's filing of an application to proceed in forma pauperis (Dkt. 4) and a proposed civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1-1). In light of the deficiencies in the complaint and that it appears plaintiff is unable to cure those deficiencies, the undersigned recommends the Court deny both the application to proceed in forma pauperis and motion to amend the complaint and dismiss the complaint.[1]

---

[1] Plaintiff has filed in the Ninth Circuit Court of Appeals an "Appeal Against a Refusal to Adjudicate – Illegal Unfeasance." Dkt. 6. Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). However, when a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it

DISCUSSION

In his complaint, plaintiff alleges the named defendants falsified criminal charges against him and then covered up their fraudulent acts. Dkt. 1-1, p. 3-4, 7, 9. Plaintiff further alleges that his cell phone was stolen (which he indicates would have shown that "his make-believe offense" was physically impossible, that evidence was made up and thus that he was imprisoned without evidence, and that his criminal judgment is void. *Id.* at p. 6, 9. Plaintiff seeks $180 million in damages, the return of his cell phone, and "permanent, lifetime no-contact orders to persuade Defendants to stop harassing" him. *Id.* at p. 7.

The Prison Litigation Reform Act ("PLRA") requires district courts to screen lawsuits filed by prisoners, and dismiss them sua sponte if the actions are frivolous or fail to state a claim on which relief may be granted. *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). Leave to proceed in forma pauperis thus is properly granted when: (1) the prisoner "has demonstrated his poverty"; and (2) "his complaint states a claim for which relief can be granted and is not frivolous or malicious." *Reyes-Vanegas v. EEOC*, 2007 WL 2019561, at *1 (N.D. Cal. July 9, 2007) (citing 28 U.S.C. § 1915(a), (d)).

The district court, therefore, "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). A complaint is frivolous when it has no arguable basis in law or fact. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). A complaint fails to state a claim on which relief may be granted if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *Mason v. Sullivan*,

does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). This is the case here.

REPORT AND RECOMMENDATION - 2

1    2008 WL 361027, at **1 (9th Cir. Feb. 11, 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901

2    F.2d 696, 699 (9th Cir.1990), *as amended*).

3         A complaint also may be dismissed for failure to state a claim where a defense to its

4    claims "is complete and obvious from the face of the pleadings or the court's own records."

5    *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984) (citing 2A *Moore's Federal*

6    *Practice* ¶ 12.08 ("complaint may be dismissed for failure to state a claim if it discloses some

7    fact which will necessarily defeat the claim")).

8         Before the district court may dismiss the complaint as frivolous or for failure to state a

9    claim, the prisoner generally must be provided "with notice of the deficiencies of his or her

10   complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*,

11   974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted, however, "where the

12   amendment would be futile or where the amended complaint would be subject to dismissal."

13   *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

14        As noted, plaintiff makes several allegations in his complaint that call into question the

15   lawfulness of his criminal conviction. Dkt. 1-1, pp. 3, 7. Habeas corpus "is the exclusive remedy

16   for a state prisoner who challenges the fact or duration of his confinement and seeks immediate

17   or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Neal v. Shimoda*, 131 F.3d

18   818, 824 (9th Cir. 1997). Plaintiff does not state he is seeking release from confinement, but

19   instead makes a request for damages and injunctive relief. Dkt. 1-1, pp. 3, 8. However, as the

20   Supreme Court has explained:

21        *[I]n order to recover damages* for allegedly unconstitutional conviction or
          imprisonment, or for other harm caused by actions whose unlawfulness would
22        render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
          conviction or sentence has been reversed on direct appeal, expunged by
23        executive order, declared invalid by a state tribunal authorized to make such

24

REPORT AND RECOMMENDATION - 3

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (emphasis added).

A Section 1983 claim, therefore, which relates to a conviction or sentence and which "has *not* been so invalidated, is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in the original). In addition:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* The same is true when the relief sought is in the form of an injunction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in the original).

Here, plaintiff has not demonstrated that the allegedly fraudulent conviction has been invalidated. Although it appears that plaintiff had one aspect of his conviction vacated on direct appeal, *see State v. Smith*, 196 Wn. App. 224 (2016), that decision was subsequently reversed by the Washington State Supreme Court, *see State v. Smith*, 189 Wn.2d 655 (2017). Plaintiff has a petition for habeas corpus relief pending before another judge of this same Court concerning the conviction at issue in his proposed civil rights complaint, but that petition has not yet been fully adjudicated. *Smith v. Haynes*, 3:17-cv-06019-BHS-DWC. In addition, the undersigned recently recommended that another habeas petition plaintiff filed regarding the same conviction be denied as second or successive. *See Smith v. Haynes*, 3:18-cv-05061-BHS-TLF, Dkt. 46.

Plaintiff's claims of fraud and illegality also clearly go directly to the issue of the validity of his conviction. Were the Court to consider those claims, the legal review would necessarily involve the question of whether his conviction was constitutional. Plaintiff's claims, therefore, may be considered only in a habeas corpus proceeding – such as that which is already pending in this Court. Under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), therefore, this case should be dismissed.

Because the whole premise of plaintiff's claim for relief relies on the Court determining that his conviction was fraudulent, he cannot provide an amended complaint that would remedy this deficiency. And because of this the Court is unable to grant the relief he requests. For these reasons, the undersigned recommends denying the application to proceed *in forma pauperis* and the motion to amend, and dismissing this action without leave to amend.

The PLRA provides a plaintiff "three strikes" when applying for *in forma pauperis* status. That is, if a plaintiff files three or more complaints and each is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted," the plaintiff may no longer acquire *in forma pauperis* status absent a showing of imminent danger of serious physical injury. 28 U.S.C. § 1915. While not all claims dismissed under *Heck* "categorically count" as failures to state a claim or as frivolous or malicious claims, such dismissals may count as strikes if "the pleadings present an 'obvious bar to securing relief' under *Heck*." *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1055-56 (9th Cir. 2016).

Plaintiff's complaint fails to state a claim upon which relief may be granted, and it is frivolous and/or malicious. In addition to being frivolous by having no arguable basis in law or fact, *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996), a complaint may be malicious if it is filed in bad faith, suggests an intent to vex defendants, or appears to be an abuse of the judicial

1  process from filing repetitive litigation. *See*, *e.g.*, *Young Yil Jo v. Six Unknown Named Agents*,

2  2006 WL 3483429, at *1 (E.D. Cal. Dec. 1, 2006). This action is merely one of seven section

3  1983 complaints plaintiff has filed concerning his underlying conviction.[2] For at least two of

4  those suits, the Court has recommended dismissal on the same basis as in this case.[3] In addition,

5  plaintiff has filed four other civil proceedings challenging the same conviction, including the two

6  habeas petitions noted above.[4]

7          Because Plaintiff has filed so many overlapping pleadings, and appears to be trying to

8  gain relief by overwhelming the Court and the Clerk's office, the undersigned finds plaintiff's

9  complaint in this matter to be frivolous and/or malicious, and therefore also finds that it should

10  be dismissed as a strike. The undersigned identified more than twenty motions and other filings

11  plaintiff had submitted – and another more than thirty similar filings he had submitted in regard

12  to his initial habeas petition – all of which essentially assert the same allegations regarding his

13  conviction.[5]  Plaintiff should be warned that future repetitious pleadings may be found frivolous

14  and/or malicious as well.

15  <u>CONCLUSION</u>

16          It is clear a finding in plaintiff's favor would necessarily invalidate his underlying

17  conviction. Further, there is no conceivable amendment that would remedy the deficiency.

18  Therefore, the undersigned recommends that plaintiff's application to proceed *in forma pauperis*

19  (Dkt. 4) be DENIED, and that the proposed complaint (Dkt. 1-1) be dismissed without leave to

20

21  [2] *See* 3:18-c-5144-RBL-JRC; 3:18-cv-5166-RBL-TLF; 3:18-cv-05191-RJB-TLF; 3:18-cv-05211-BHS; 318-cv-05221-RJB-JRC; 3:18-cv-05225-RBL-DWC.

22  [3] *See* 3:18-cv-05191-RJB-TLF; 3:18-cv-05211-BHS.

23  [4] 3:17-cv-06019-BHS-DWC; 3:18-cv-05061-BHS-TLF ; 3:18-cv-05192-RBL-DWC (mandamus); 3:18-cv-05194-RBL-DWC (mandamus).

24  [5] *See Smith v. Haynes*, 3:18-cv-05061-BHS-TLF, Dkt. 46.

1  amend. The undersigned further recommends the Court find this action to be frivolous and/or

2  malicious and treat the dismissal as a strike.

3       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("FRCP") 72(b),

4  the parties shall have **fourteen (14) days** from service of this Report to file written objections.

5  *See also* FRCP 6.  Failure to file objections will result in a waiver of those objections for

6  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating

7  the time limit imposed by FRCP 72(b), the clerk is directed to set the matter for consideration on

8  **July 20, 2018**, as noted in the caption.

9       Dated this 2nd day of July, 2018.

10

11

12

13       Theresa L. Fricke
         United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24